2 more cases to hear this morning. We'll take Erika Chavez v. State Farm Lloyds. Mr. Davis. May it please the Court, good morning. My name is Joshua Davis. I represent the appellant, Erika Chavez. There are a half dozen issues that have been briefed, but I'd like to focus the Court's attention on three of the more salient issues, certainly the issues that would allow the Court an opportunity to exercise that judicial economy that everyone desires in the event that my client's roof. But in the context of the litigation, the Court erred in a variety of ways, but I do want to address one specific argument offered in State Farm's response brief, that is the failure to preserve error concerning the excessive demand affirmative defense. If the Court would look at the record on pages 311 through 316, you will see plaintiff's partial motion for summary judgment that specifically addresses the improper affirmative defense of excessive demand. That motion was subsequently ruled upon, denied by the district court in the record at 701, and it's a written order outlining the district court's views of that particular motion and allowing that excessive demand, that affirmative defense, to proceed. So with respect to preservation of error concerning that legal issue and whether it was proper or improper to allow the affirmative defense to proceed, plaintiff clearly preserved error there. And I'm sorry that our opening brief didn't address that, and given that State Farm took umbrage with the fact that plaintiff failed to challenge that particular portion of the charge, I wanted to make sure the Court was aware of that preservation. Pivoting to the most recent Texas Supreme Court decision on that very issue, State Farm v. Fuentes, the June 2018 case that was the subject of appellant's letter brief maybe a week and a half ago, the Texas Supreme Court specifically addressed the question of whether the district court committed error in that case for granting the plaintiff's motion dismissing the affirmative defense of excessive demand. And the Court specifically identified the fact that the Texas Supreme Court has never held that that common law affirmative defense would ever The plaintiff's demand is excessive, can be excessive, and yet it is a two-part theory under Finley v. Cave. Not only must the demand be outlandish or excessive, but the defendant is obligated to demonstrate that it tendered the amount actually due. There are several district court cases from around the state of Texas, federal cases, and there are, I think, two court of appeals opinions that addressed excessive demand that State Farm relies upon when it moves to submit this affirmative defense in insurance claim cases. But in this Fuentes case, the Court clearly rejects that argument. And in that particular case, the demand pre-suit was 300 and I want to make sure it's right, over $392,000. That was the demand for the plaintiff. The actual damages awarded at trial was $18,000. And so even in that context in which, in Fuentes, the Texas Supreme Court is aware of the extreme variance between that which was demanded pre-suit and that which was awarded at trial, it still nonetheless said the district court properly ruled in granting the plaintiff's motion for summary judgment on that affirmative defense because, as the Court stated, we have never addressed whether the defense applies when insureds make an excessive demand of their insurer. That is, they are presuming the demand was excessive and nonetheless refused to find or hold that excessive demand can be an affirmative defense in an insurance contract case. And so the plaintiff both, in this case, preserved that issue when she filed her motion for summary judgment and the Court denied it. And so there's no further need to preserve that legal issue and that legal question. Certainly, the district court would be making new Texas law and did to the extent that she submits that question to the jury. The finding came back as, yes, excessive, and to the extent this Court would uphold that submission and that refusal to grant that motion for summary judgment, especially based on this very recent Texas Supreme Court ruling. But is Fuentes saying that is not the law of the state, or that the contrary is the law of the state, or is she just saying we have not yet ruled on whether this defense is available? If it pleases the Court, in the letter I cite the key language and if I could refer to it. But we have never addressed whether the excessive demand defense applies when insureds make an excessive demand on their insurer. Which sounds to me as if it's saying, and mixed in, it obviously refers to what the Court of Appeals did, but it seems to me it's saying we have not decided that question, not that we've decided in the favor that you're saying, in favor of the insured. I guess it's fair enough, Your Honor, but then. I mean, it still leaves us with the question, but it doesn't seem to me that it's rejected the issue. I mean, I suppose. Tell me that it does. You have studied it more than I have. Well, I think that the opinion speaks for itself, and to the extent that the Court did not clearly state definitively the excessive demand defense can never apply in an insurance contract case, I would submit, yes, that's correct. But it does not state that. Well, we have never addressed. It sounds to me like they haven't held one way or the other is what they're saying there. I agree that they have never addressed, but I think that what I'm focused on is applies when insureds make an excessive demand on their insurer. Right. Right. So they're presuming that the demand is excessive, but then identifying the fact that we've never said that the excessive demand doctrine can be asserted. And in this particular case, when they uphold the lower court's granting of the motion for summary judgment on this issue, it seems that if they wanted to allow that defense to be permitted in this context, especially given the extreme demand compared to the $18,000 award, they certainly would have done so and did not. And so absent any case law that says it does apply, and with this precedent that says that the district court did not abuse its discretion, excuse me, it's a de novo review, so it's even lighter in terms of the error. The district court did not error in granting the plaintiff's motion for summary judgment. I appreciate that as a pretty significant indicator by the Texas Supreme Court that at least as applied here, the excessive demand defense should not have been permitted in the context that it was, given the applicability of that precedent to the facts in our case. Counsel, why don't you move on? With respect to attorney's fees, the fees were sought under the Texas Insurance Code, and as the court sees in the briefing, it was not a dispositive motion that the district court granted, but rather on the eve of trial, motions in limine that the district court viewed as having prohibited the plaintiff from putting on any evidence of attorney's fees. Now, there may be a question that the court has is why wasn't this all done under Rule 54, post-verdict, given that attorney's fees under Rule 54 are typically awarded afterwards so long as they're not commingled with issues, other issues in the case. In this particular district court's view, when the excessive demand defense had been previously submitted in another case, the attorney's fees are likewise submitted because the attorney's fees are part of the damages that plaintiff allegedly suffers that comprise the allegedly excessive demand. And so to assess the quality and the good faith of the pre-suit demand that is alleged to be excessive, the attorney's fees are presented to the fact finder to provide a full picture of the overall damages that plaintiff is entitled to seek in their pre-suit demand. So the fees go to the jury when the court submits that excessive demand. In this particular case, though, State Farm was able to put on their excessive demand defense absent any context of any attorney's fees the plaintiff might be entitled to seek because of the court's motion in limine rule. That motion in limine ruling provided substantial dispositive relief on an item of damage on the eve of trial without the benefit of permitting the plaintiff an opportunity to brief the issue. There was no 12B6 motion on this issue of attorney's fees not being sought under 542 of the insurance code. There was no motion for summary judgment on 542 attorney's fees. There was no motion for summary judgment on 18% penalty interest under 542.060. And so given the extreme nature of that surprise on the eve of trial, actually the morning of trial, the plaintiff was essentially extremely harmed because even though she prevailed on the underlying case of her claim not being paid by State Farm, the inability to put on attorney's fees certainly prejudiced her ability to defend against the excessive demand, right? Because the jury never saw the demand in the context of her right to obtain those attorney's fees. And it certainly prejudiced her ability to in any way be made whole because all of the actual damages awarded go to the costs of the litigation and to the attorney's fees that she is obligated to pay as she seeks the benefits of her insurance policy. And that is completely counterintuitive when we view the Texas Insurance Code as one of the premier consumer protection statutory remedies in the country. Prior to the 2017 amendment most recently to the code, the Texas Insurance Code was, in terms of protecting consumers of insurance products, the premier example of such a protection. And yet the application that the court provides in its Motion in Lemony ruling completely flips that statute on its head and ensures, as was made clear to the district court, that Mrs. Chavez, even if she wins, will never win. She would have been better off not wasting the two years or three years of her efforts pursuing her wrongfully withheld insurance policy proceeds because she got nothing, less than nothing really, in the sense that there are bills that were owed to get her to the point where a jury came back and did render a verdict in her favor on the actual damages she was seeking. And so for those reasons, it's our view that the Motion in Lemony ruling was a dispositive ruling that prevented any of the kind of briefing that we had provided this court and certainly would have provided the district court had that opportunity been presented. When we addressed that in argument, we even brought up that given the significance of those Motion in Lemony rulings and how it prejudices the plaintiff's ability to present her case, why not give an opportunity to brief that issue? But rather than doing that, the parties reached a stipulation. That is, State Farm and plaintiff agreed that attorney's fees can be submitted, but that they would be capped at $25,000 to avoid an adverse ruling from the court on that issue that likely will create a very appealable issue, and demonstrated the party's willingness to view that issue as something that could be resolved in this particular way. So that's what the stipulation was designed to do. Yet the district court rejected that stipulation again right on the eve of trial in ruling that these motions in Lemony prohibited plaintiff's ability from putting on any evidence of attorney's fees and obtaining 18% penalty interest under 542, even though those particular claims are specifically pled in plaintiff's original petition that was removed. Moving to the statutory penalty interest issue, the court's final judgment doesn't really fully address why the plaintiff would not be entitled under Higginbottom, this court's 1997 case, that says a failure to pay under the prompt payment statute requires no showing of bad faith. It just requires a showing that an insurance claim should have been paid and was not. And yet the court did not award 18% penalty on even the amount that the jury said is owed but was never paid. It's unclear what about the plaintiff's case the—I'm sorry, Your Honor, I see I've got five minutes. Thank you. You do. The slide doesn't show up very well for a lot of counsel, so that's all right. Thank you. Good morning. May it please the court, my name is Dan Worthington. I'm joined at counsel table with Sarah Nicklaus, and we're here on behalf of the Appalachia State Farm Lloyds. Before I begin, I do want to correct a couple of issues that were stated by appellant at the beginning of the presentation. There is no challenge with regard to the court's ruling on the denial of the plaintiff's motion for summary judgment. That's not before the court. It wasn't raised in the brief. Secondly, the appellant did not seek a render. The brief seeks the court to remand the case, so just as a matter of clarifying the position. Further, with regard to the court's questions on Puentes, Puentes actually supports the position of Appalach. Indeed, the court in Puentes did not say that the excessive demand doctrine did not apply in the insured context. The legal application of that doctrine was not challenged by the appellant in its brief. The challenge was limited to— What about this appellant? Yes, Your Honor. Yes, Your Honor. In this case, the appellant made two claims. One, that there was insufficient evidence to support that the demand was in bad faith, and two, that there was insufficient evidence that State Farm either tendered the correct amount due or had established that the plaintiff had indicated it would refuse the amount due if it had been tendered. Indeed, what Puentes says, at the same time the Supreme Court said we've never applied it in an insure-insured context, they then apply it in an insure-insured context, and they say because there was no evidence that the insurer had been relieved of the obligation of tender because the demand letter did not indicate that no other amount would be accepted, we'll find that the excessive demand doctrine shouldn't have been found. Well, in this case— But a bunch of stuff there. Obviously, you're saying this is different, but doesn't that still face us, that the Supreme Court as recently as whenever that was, within the last month or so, say this doctrine has not yet been identified by us as being applicable in a case like this one? Well, I guess two points, Judge. It has been applied by Texas intermediate courts to insure-insured context because there was no issue raised in the brief. That is, the appellant did not say the trial court was incorrect as a matter of law by applying this doctrine.  There's no conflict between intermediate courts who've addressed it in insure-insured context. There's nothing about the way the Texas Supreme Court has applied the doctrine in other breach of contract cases, whether liquidated or unliquidated, which would suggest that it would somehow be different because this contract involves an insurer and an insured. And so, yes, it is true, I suppose, as a statement of appellant fact that the Supreme Court has not yet addressed the issue, but the Supreme Court has in many other cases approved the use in breach of contract claims very similar to this and has not drawn a distinction from which one could derive that in an insurance context there would be some different application as opposed to any other breach of contract case. Indeed, in Finley v. Cave, the court specifically says this applies to liquidated. It also applies to unliquidated claims. And so there isn't anything here that would suggest otherwise. And, in fact, we have, again, they weren't cited because it wasn't raised, but there are appellate courts in Texas who have applied this doctrine to the insure-insured context just as the case is pending before this Court. And so now with regard to—and so that's Fuentes. And we'll come back and talk, Your Honor, for a few minutes about the excessive demand doctrine and the evidence of what's presented. In taking the issues and the order they were raised, the appellees suggest that the trial court was incorrect in excluding evidence on attorney's fees. That's simply—and I will say that there's no standard of review set out in appellant's brief. However, this was nothing more than an evidentiary ruling. The characterization of this being a dispositive ruling based on a motion in limine is simply not correct. The appellant raises two motion in limine items that were put forth by State Farm Lloyds, motion in limine item 25 and 26. Well, if you look at motion in limine item 26, not only does it not apply, it sought to exclude attorney's fees where timely production of reports had not been made. That motion was never argued to the court. The court did not rule on motion in limine item 26. And even if it had, it had nothing to do with whether there was a 542 claim or not. Likewise, motion in limine item 25 dealt with excluding evidence of payments made under the prompt payment statute because there was no 542 claim pleaded. And the court, in fact, granted that motion, and there was an edited version of Plaintiff's Exhibit 12, which was a payment letter, ultimately introduced at trial. The discussion of attorney's fees came up because the court noted that there had been no pleading for 542. And indeed, if the court looks at the joint pretrial order, appellant mentions the fact that this occurred on the eve of trial. In March, five weeks before the commencement of evidence, the parties filed a joint pretrial order. So pages 748 through 757 of the record. In the joint pretrial order, the parties state, this is a breach of contract case only. All other extra-contractual claims have been either voluntarily dismissed by appellant or have been dismissed by the court pursuant to its ruling on the partial motion for summary judgment. In the plaintiff's contentions in the joint pretrial order, there is but a single contention in paragraph 5. Plaintiff contends State Farm Lloyds failed to comply with the conditions of the policy, the breach of contract claim. In paragraph 6 and 7, 8 and 9, the contested and agreed issues of fact, the contested and agreed propositions of law, there is no reference to Section 542. There is no reference to which provision of 542 appellant would claim State Farm failed to comply with. The interest under 542 needs a date from which it runs. There is no factual suggestion as to the money should have been paid on a certain date. Therefore, judge, the interest should begin running on whatever the date would be. And so the pretrial order, far from being a surprise, that was filed by appellant, does not contain a 542 claim, doesn't hint at a 542 claim. It is simply absent in toto in the joint pretrial order. If one steps back and looks at the prior pleading, the plaintiff's original petition, as we refer to them in state court, there is no claim for 542 found anywhere in the petition. There is in the damages section a claim for 18% statutory interest, but to suggest that one can avoid pleading a cause of action and somehow have it implied into the suit because you have pleaded a damage for which could be recovered under that cause of action simply wouldn't be permitted under the Texas more liberal pleading statute and certainly not under Rule 8 of the federal rules. So the court was confronted with a claim for attorney's fees for which she believed no recoverable cause of action had been pleaded. She, in fact, when you go through her order denying the motion for new trial, this was the sole issue that was raised after the judgment, she goes through and explains. You didn't bring a contract that permitted the recovery of attorney's fees. Chapter 38 doesn't apply, and I will say as an aside, that's not challenged here this morning in the appellant's brief, and you didn't assert a claim under Chapter 542 as you've argued. Therefore, it is not relevant. Therefore, I'm not going to allow evidence in before the jury of damages for which a cause of action has not been pleaded. It is difficult to imagine how that could possibly be a violation of the abusive discretion standard. You didn't plead a claim. You can't put on proof. With regard to the excessive demand doctrine, Let me back up just to make sure. These rulings, the morning of trial, is that correct? I'm sorry, Judge? These rulings were made on the morning of trial that you're talking about? That is correct. There were supportive motions by you that set out, or whoever counsel was at the time, the arguments that we're hearing today, so the absence of any claim under 542, the other things you've said. Was that stated in the motion? Okay, Judge. It had been raised by Appley. This is back in March. We received the exhibits, the proposed exhibits for trial, and they included a letter which referred to 542. The Appley filed objections to the letter, saying they didn't assert a claim for 542. The motion in limine was filed that said, Judge, you can't let this in. They haven't asserted a claim for 542. There was no dispositive motion because there was no cause of action pleaded. All I'm seeking is that the argument made today that the problem in all this is the absence of any claim under the right, whatever the available cause of action may have been, had not been made. That was before counsel opposite, before that morning ruling. That's true, Your Honor. The court brought it up before jury selection. I mean, the court mentioned, by the way, Appley has objected to your evidence on attorney's fees because there's no 542, upon the letter that referenced a statutory payment because you didn't make the claim. That occurred from the court in April. But, of course, as I point out, in the pretrial order, which was filed five weeks before that, there was no reference to 542 by the parties in that pleading. And so it wouldn't, there was no motion that Appley would have needed to file because in the absence of a cause of action, there's nothing we can file. I mean, it isn't a motion to dismiss for the claim that's not pleaded. But we had where we could object to it, and we made it clear that we objected to 542, both by objecting to the evidence and in the filing of our motion in limine. Now, when the court took it up, and the court will see from the record, while the court took this up during the motion in limine hearing, it was separate and apart from the motion in limine ruling. So the court rules on motion in limine 25, takes up attorney's fees, and then moves on to motion in limine 27, which isn't part of this hearing today. And so the court ruled on attorney's fees at the time the parties attempted to make their stipulation. The court said, not as a sanction, but the court said the parties cannot stipulate to the recovery of fees for which there's no legal basis to recover. If you want to go outside the courtroom and you want to make some deal in the hallway, that's fine, but I am not going to enter a judgment for the recovery of damages for which there's no legal ground to recover. That was the court's ruling. In fact, our stipulation ended with, assuming you will accept the stipulation. She did not. We did not stipulate the damages were $25,000. We said you have to establish them and prove them. That is true. That was the proposed stipulation that was rejected. So if I can, Your Honor, in talking about the excessive demand doctrine, a couple of points. There was no objection to the jury question filed by the appellant. The jury question that was submitted made it clear to the jury that they judge excessiveness at the time the demand is made. That was back before the lawsuit was filed in May of 2015. And so the argument that, gosh, if the jury had just seen the evidence of attorney's fees incurred during the litigation, that would have made a difference, that is not relevant to the excessive demand doctrine. It is, is it excessive as of the day it was made, which was May 2015, prior to the lawsuit being filed, about six months before the lawsuit was filed, four months. Secondarily, what the jury had to consider with regard to the bad faith prong, the jury had the demand letter which set out, which attached an estimate from a man named R.J. Molina. That's found at 1531 through 1571 of the record. It was an estimate that appellant's counsel argued in closing was too high, wrong. He said, quote, let's get real. We ask for more than we're entitled to so that we can get what we really think we're entitled to, something below that. That was the argument. Our expert testified without objection that that statement was also made worse than those effect during opening, that he agreed with appellant's counsel that the Molina estimate was way too high. We now have the second estimate that was actually introduced at trial of Mr. Nolley by the appellant. It was $14,000. So we've come from a $25,000 estimate to a $14,000 estimate. And we now, the jury now has before it evidence that the estimate that was originally used was simply, for the demand was simply overstated the damages. It was, in terms of bad faith, it was that very estimate that appellant in its demand letter called, quote, very credible. And so we believe that the plain error standard applies here because there was no objection to the No Rule 50 motion filed. But regardless of the standard that's used, the jury had proof of conflicting demands. The jury had experts who said the Molina estimate was way too high. And this was done in the context of appellant arguing, in fact, that that estimate was way too high. But it was done so that they could try to get something less than that. In fact, they referred to the $14,000 estimate as, quote, their real damages before the jury. And so we believe, Your Honor, we've established without question bad faith. The question then turns to whether or not State Farm meets the tender or excuse from tender prompt. We've given the court the Wayne versus AA vending case, the McAllister versus Hatbridge case, the Warrior Contractors case. Each of those three cases were take-it-or-leave-it demand letters. And the court said this is sufficient to relieve the insurance company of actually making tender. This case was a take-it-or-leave-it demand letter. Pay us $40,776 or you will be sued. If you do not pay us by 30 days, the demand is withdrawn. And indeed, it wasn't paid, and State Farm was sued, and this litigation moved on. And so if you look at Fuentes, if you look at all of those cases where the demand letters have been found not to relieve the insurer of the obligation to make tender, they all say, yeah, we're making a demand, but we'll sit down and negotiate. This isn't our final number. Words to those effect. That's not the case here. There is no question but that this demand letter relieved State Farm of the obligation of actually making tender. And so with regard to the excessive demand doctrine, the court properly charged the jury. There's been no objection to the charge. The jury heard the evidence, and it was plentiful and heard argument, important simply because it set the context of what the jury was seeing on the stand. And the jury returned a verdict of yes, the demand was excessive. Finally, on that issue, to suggest that if one seeks damages for which there is no right to recover, you can't submit the excessive demand doctrine because the jury won't get to see the full context of things simply defies the whole purpose of the excessive demand doctrine. Whether one overstates damages for which it has a cause of action or one seeks damages for which it doesn't, an excessive demand can nevertheless be an excessive demand. And, in fact, the jury may very well consider, for example, you made a demand for mental anguish in this case, appellant. You didn't put on any proof of mental anguish. You didn't seek mental anguish recovery. That on its own could be sufficient for the jury to believe it was an excessive demand, let alone the fact that the estimate was admittedly a trial. The estimate used in the demand letter was overstated and excessive. And so, Judge, those were the issues that were raised. I note that my time is running out. We would simply respectfully suggest to the Court that the trial judge's rulings were correct, were proper, and, in fact, a review of the record will show that the characterization of both the rulings and the context within which they were made is simply not correct. We would ask the Court to affirm the trial court's ruling. Thank you. A few points in rebuttal. State Farm was well aware that plaintiffs sought 542 damages. I want to make sure the Court understands 542.060, subpart A, makes it explicit that these damages are automatic in the event an insurer fails to pay a claim as it should have. That's why we have in the record evidence of State Farm issuing a statutory interest check that is the equivalent of the 18 percent on the amount that State Farm ultimately did pay, which was some 700-some-odd dollars and 800-some-odd dollars, and they issued a statutory penalty interest check on that amount during the litigation because an insured is entitled to their 18 percent statutory penalty interest full stop. And in the event that they prevail and litigation has been necessitated, 18 percent is damages together with reasonable attorney's fees. The pleading specifically identifies plaintiff's right to attorney's fees, both under Section 38 of the Business and Commerce Code, which, yes, we're not challenging the ALTA ruling out of the Houston Court of Appeals that's subsequently been adopted by other intermediate courts of appeals concerning corporation within that chapter being only corporations and not LLCs or partnerships, etc. But plaintiff also sought attorney's fees under the insurance code without referencing 541 or 542. Attorney's fees are available under both chapters. In the briefing, plaintiff's briefing— Does 541 apply to contract claims or only non-contract? Only non-contract claims, Your Honor. But in the briefing, in our briefing, we identify all the instances in which State Farm itself references in its own briefing and offer letters plaintiff's 542 damages. In the record at 196 through 203, plaintiff specifically is seeking 18 percent penalty interest under 542. In the record on 208, State Farm acknowledges plaintiff's right pursuant to subchapter B of chapter 542 of the Texas Insurance Code. In their offer of judgment, they make or reference violations of chapters 541 and 542 of the Texas Insurance Code. That's in the record at 380. Now— Do I understand correctly that the trial court dismissed the non-contract claims? Your Honor, the non-contract claims under 541 were briefed and dismissed. But nowhere in State Farm's motion for summary judgment under 541 claims does it ever address 542 claims, not once. And 542 claims under Higginbottom, this court's opinion in 1997, clearly states that bad faith is not required for prompt payment violations that lead to 18 percent penalty interest and attorney's fees. You're saying you pleaded 542, just not— We just didn't say 542. But when you reference 18 percent as a statutory penalty interest in your prayer seeking the damages, there is only one place in the code that says 18 percent. Only one place. There's 18 percent for 542.060, and there's 12 percent if it's a PIP claim, a personal injury protection claim. Those are the interests identified in the code, and that's what we reference. So why does the district court on the morning of trial seem to think that we have not pled sufficiently, even when State Farm repeatedly and in the record identifies our right to 542 damages? Counsel, I haven't looked at her order, and you can tell me otherwise, but my understanding is that there was a partial summary judgment granted that dismissed the 542 claims, which would not have been on the morning of trial. No, Your Honor. I read that order, and I did not see 542 referenced at all. Okay. Something we'll check. Thank you. And, I mean, to the extent that the court would have included or intended to include 542, again, that would have been error. And, of course, we briefed the motion for summary judgment denial in our opening brief on pages 29 through 32 concerning the excessive demand. I just wanted to make that clear. All right, Counsel. Thank you. Thank you both.